UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RECEIVED
APR 11 2007
4-11-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

STEPHEN C. CAPRANICA )
)
Plaintiff, )
)
vs. )  07CV1991
)  JUDGE HIBBLER
JAMES HARDIE BUILDING )  MAG. JUDGE DENLOW
PRODUCTS, INC. )
Defendant. )

## COMPLAINT

Plaintiff, STEPHEN C. CAPRANICA as and for his Complaint against the Defendant, JAMES HARDIE BUILDING PRODUCTS, INC., states as follows:

### I. JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA", 42 U.S.C. § 12117, which incorporates by reference § 705 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5 (f)(3), have occurred or been complied with.

   (a) A charge of employment discrimination on the basis of disability was filed with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on or about January 20, 2007.

(c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, STEPHEN C. CAPRANICA, is a citizen of the United States and the state of Illinois who currently resides at 2609 S. Faircrest Lane, Bartonville, Illinois, 61607.

4. Defendant, JAMES HARDIE BUILDING PRODUCTS, INC., (hereinafter "Hardie") is an corporation with its office and a principal place of business in the city of Peru, LaSalle County, Illinois.

5. Defendant Hardie is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7) and § 701 of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

6. Defendant Hardie is engaged in an industry affecting commerce within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7) and § 701 of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. Defendant Hardie employs fifteen or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

8. All of the discriminatory employment practices alleged herein were committed within the state of Illinois.

**II. STATEMENT OF FACTS**

9. In approximately late March or early April, 2005, Plaintiff herein was hired by Hardie and worked for Hardie continuously until June 21, 2005.

10. While employed by Hardie as a machine operator, Plaintiff faithfully and adequately performed all his job duties.

11. During the course of said employment, Plaintiff sustained injuries and aggravations to a disability relating to his foot. Specifically, Plaintiff suffered from a recurring bony malformation known as a "Taylor Bunion" which interferes with the ability to stand or walk normally without significant pain and discomfort. His position with Hardie required him to stand for extended periods of time and the condition substantially worsened during his employment. This led to the necessity for ongoing medical treatment, including surgery.

12. On or about June 8, 2005, Plaintiff advised his supervisor that he would be required to undergo surgery on June 30, 2005, but that he would be released to duty approximately 48 hours after the surgery. Plaintiff requested that Hardie accommodate his physical impairment by allowing him to work light duty until the surgery, and to accommodate his need for the days off for surgery and recovery thereafter.

13. Hardie's response to this request was to terminate his employment on June 21, 2005, based on a "point system" which punished absenteeism in any form.

14. The point system utilized by Hardie formally violated the ADA, by making no distinction between medical treatment necessitated by disability versus absenteeism in other forms.

### III. CLAIM FOR RELIEF

15. From June 21, 2005 the date of Plaintiff's termination, through the present time, Plaintiff has been an individual with a "disability" within the meaning of § 3(2) of the Americans with Disability Act, 42 U.S.C § 12102(2). More particularly, Plaintiff has

a physical impairment that substantially limits one or more of his major life activities, has a record of such impairment, and should have been regarded by Hardie as having such an impairment.

16. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with the reasonable accommodation of being allowed a few days off for reparative surgery and recuperation, would be able to return to perform the essential functions of his job as a machine operator at Hardie's Peru, Illinois facility.

17. Despite Plaintiff's request for such accommodation, Hardie refused to make reasonable accommodation to Plaintiff by allowing him the time off to have the surgery performed and the days necessary to recuperate from the surgery to return to full duty status.

18. Hardie's failure to make reasonable accommodation to the Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment. Hardie's actions constitute a violation of § 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

19. Hardie has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

20. In failing to make reasonable accommodation to Plaintiff's physical disability and need for surgery, Hardie acted with malice and with reckless indifference to the federally protected rights of Plaintiff, and other similar situated Plaintiffs with disabilities.

21. As a direct and proximate result of Hardie's discrimination on the basis of disability, Plaintiff has suffered lost wages and benefits and continues to suffer from decreased income and lost benefits, as well as medical insurance expenses, unpaid medical bills, and other benefits to which he would have been entitled, had his employment continued.

22. Hardie's failure to make reasonable accommodation to Plaintiff has caused, continues to cause and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

## IV. RELIEF REQUESTED

Plaintiff requests the judgment of this Court against Defendant Hardie as follows:

(1) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of disability;

(2) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position as a machine operator as of June 23, 2005;

(3) Order that Hardie reasonably accommodate Plaintiff by reinstating him to his position of employment immediately, or in the alternative, be forced to pay the differential between Plaintiff's current income and the rate of pay he would have received had he remained an employee of Hardie in the future;

(4) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(5) Award Plaintiff punitive damages in an amount to be determined at trial of this matter;

(6) Enjoin Hardie from any further prohibited discrimination against Plaintiff;

(7) Award Plaintiff his attorney fees, including litigation expenses and the costs of this action; and

(8)   Grant such other and further relief as may be just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

DATED: 4/11/07

STEPHEN C. CARRANICA